# EXHIBIT H

CASE NUMBER
2320423032
SN:8.0 PC:21

FILED
10/06/2023
Timothy W Fitzgerald
Spokane County Clerk

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

ESTATE OF CLOVY JARAMILLO, deceased, through Christina Hernandez as the Administrator of his Estate,

Plaintiff,

vs.

CITY OF SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE POLICE DEPARTMENT CHIEF CRAIG MEIDL, individually and in his professional capacity, SPOKANE POLICE DEPARTMENT OFFICER TIMOTHY SCHWERING, individually and in his professional capacity, SPOKANE POLICE DEPARTMENT OFFICER JACKSON HENRY, individually and in his professional capacity, SPOKANE PUBLIC SCHOOLS, individually and in his professional capacity, SPOKANE SCHOOL DISTRICT 81 OFFICER KOREY BJORNSTAD, individually and in his professional capacity,
                                    Defendants.

Case No. _23-2-04230-32_

**COMPLAINT FOR WRONGFUL DEATH**

COMPLAINT - 1

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1    COMES NOW, the Estate of Clovy Jaramillo Jr., decedent, through Christina Hernandez

2    as the duly-appointed Administrator of his Estate, by and through their attorney of record, Douglas

3    D. Phelps, Phelps & Associates, P.S., and hereby alleges the following against the above-named

4    Defendants:

5    ## I.    INTRODUCTION

6    1.1.    The Plaintiff, acting on behalf of the beneficiaries of Clovy Jaramillo Jr., decedent,

7    as well as on behalf of the Estate of Clovy Jaramillo Jr., allege claims and damages against the

8    above-named Defendants for wrongful death; negligence; vicarious liability; excessive force;

9    negligent training and supervision; violations of decedent Mr. Clovy Jaramillo Jr.'s rights as

10   provided for in the United States Constitution and the Washington State Constitution as well as

11   42 U.S.C. § 1983, and the common law.

12   1.2.    The claims against the Defendants herein named, CITY OF SPOKANE,

13   SPOKANE POLICE DEPARTMENT, SPOKANE POLICE DEPARTMENT CHIEF CRAIG

14   MEIDL, SPOKANE POLICE DEPARTMENT OFFICER TIMOTHY SCHWERING,

15   SPOKANE POLICE DEPARTMENT OFFICER JACKSON HENRY, and SPOKANE

16   SCHOOL DISTRICT 81 OFFICER KOREY BJORNSTAD, working for Defendant

17   SPOKANE PUBLIC SCHOOLS as a limited commission officer, treated decedent Clovy

18   Jaramillo Jr. in the last moments of his life with a deliberate disregard for the basic fairness,

19   respect and concern for the safety, health and life of Mr. Clovy Jaramillo Jr. That OFFICER

20   SCHWERING, OFFICER HENRY, and OFFICER BJORNSTAD acted with excessive force

21   in apprehending and arresting Mr. Clovy Jaramillo Jr., ignored all the signs of excited delirium,

22

COMPLAINT - 2

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1    acting against Spokane Police Department policy on interacting with individuals suffering

2    from excited delirium, administering a sedative without medical personnell against Spokane

3    Police Department policy, deprived Mr. Clovy Jaramillo Jr., decedent, of his substantive due

4    process right to bodily integrity under the Fourteenth Amendment to the United States

5    Constitution; and as a result of the actions and inactions of these Defendants did in fact cause Mr.

6    Clovy Jaramillo Jr. to suffer an excruciating and painful death.

7                                    II.    PARTIES

8            2.1.    As a result of the negligence of the defendants, Mr. Clovy Jaramillo Jr. died.  This

9    action is commenced by his Estate, through the Estate's Administrator Christina Hernandez, who

10   was appointed by order of the court in Spokane County, Superior Court Cause No. 23-4-00361-

11   32, on behalf of the Estate and the Estate's statutory beneficiaries for the survival claims and

12   wrongful death of Clovy Jaramillo Jr. pursuant to RCW 4.20, *et seq*., 42 U.S.C. § 1983, the United

13   States Constitution, the Washington State Constitution and the common law.

14          2.2.    At all times material hereto, Christina Hernandez is the surviving mother of the

15   deceased and Jasmine Jaramillo is the sister of the deceased.

16          2.3.    An action for wrongful death is properly brought when the Administrator of the

17   Estate prosecutes and commences the action under RCW 4.20.060.

18          2.4.    The CITY OF SPOKANE is a governmental entity organized under the laws of

19   the State of Washington.

20          2.5.    SPOKANE PUBLIC SCHOOLS is a governmental entity organized under the

21   laws of the State of Washington.

22

COMPLAINT - 3                                    **PHELPS & ASSOCIATES, P.S.**
                                                 2903 N. Stout Road
                                                 Spokane, WA 99206
                                                 Tel: (509) 892-0467
                                                 Fax: (509) 921-0802
                                                 phelps@phelpslaw1.com

1    2.6.    OFFICER TIMOTHY SCHWERING and OFFICER JACKSON HENRY was at

2    all times material hereto an employee of the City of Spokane, working as a police officer for the

3    SPOKANE POLICE DEPARTMENT and is believed to have been residents of Spokane County.

4    2.7.    OFFICER JACKSON HENRY was at all times material hereto an employee of

5    the City of Spokane, working as a police officer for the SPOKANE POLICE DEPARTMENT

6    and is  believed to have been a resident of Spokane County.

7    2.8.    OFFICER KOREY BJORNSTAD was at all times material hereto an employee

8    of SPOKANE PUBLIC SCHOOLS, working as a limited commission school resource officer

9    and is believed to have been a resident of Spokane County.

10    2.9.    CHIEF CRAIG MEIDL was at all times material hereto the elected Chief of

11    Spokane Police Department, responsible for police operations and procedures.

12    ### III.    JURISDICTION & VENUE

13    3.1.    This court has original jurisdiction over Plaintiff's wrongful death claim brought

14    under Washington's Wrongful Death Statute, RCW 4.20.

15    3.2.    This court has original jurisdiction over Plaintiff's negligence claims brought

16    under Washington's General and Special Survival Statutes, RCW 4.20.046 and RCW 4.20.060.

17    3.3.    This court has concurrent jurisdiction over Plaintiff's civil rights claims brought

18    under 42 U.S.C. § 1983 under the Supremacy Clause. *Haywood v. Drown, et al.*, 556 U.S. 729

19    (2009).

20    3.4.    Venue for Plaintiff's claims are proper in the Superior Court for the State of

21    Washington, in and for the County of Spokane, pursuant to RCW 36.01.050, as all actions against

22

COMPLAINT - 4

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1

1    a county may be commenced in the superior court of such county or in the superior court of either

2    of the two nearest judicial districts.

3    **IV.    CAUSE OF ACTION FOR NEGLIGENCE PURSUANT TO THE GENERAL
         AND/OR SPECIAL SURVIVAL STATUTES (RCW 4.20.046 and 4.20.060)**

4

5    4.1.    On or about October 6, 2020 around 3:20 pm, Spokane County 911 Dispatch

6    received multiple citizen telephone calls regarding an adult male acting strangely in the area

     of Third Avenue and Thor Street. The phone calls reported a male laying prone on the street
7
     and writhing before getting up and throwing himself in front of cars, denting cars from the
8
     force of hitting them, that callers were concerned about a potential drug overdose, and that
9
     callers observed him attempting to break windows of cars. One caller observed the male diving
10
     headfirst underneath and in front of a vehicle tire. Another call reported that the man ran across
11
     the street and ran into the side of her truck before the man climbed on top of another vehicle
12
     and was dragged off and pinned to the ground by several people.
13
          4.2.    Spokane County Dispatch dispatched Spokane Police Department OFFICERS
14
     TIMOTHY SCHWERING and JACKSON HENRY to the Mobile Gas Station on the
15
     intersection of Third Avenue and Thor Street around 3:33 p.m. on October 6, 2020.
16
          4.3.    When OFFICER SCHWERING and OFFICER HENRY arrived on scene, Mr.
17
     Jaramillo was pinned to the ground by a male and a female citizen. Mr. Jaramillo was laying
18
     face-down prone on the pavement. One citizen was positioned such that his knee was placed
19
     on Mr. Jaramillo's back.
20
          4.4.    OFFICER SCHWERING noted that Mr. Jaramillo was sweating profusely and
21
     did not appear to be lucid.
22

COMPLAINT - 5

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

4.5.    OFFICER HENRY noted that Mr. Jaramillo was tensing his muscles and not complying with verbal orders but did not note any combative or aggressive behaviors.

4.6.    OFFICER SCHWERING and OFFICER HENRY attempted to place Mr. Jaramillo under arrest.

4.7.    While OFFICER SCHWERING and OFFICER HENRY attempted to place Mr. Jaramillo under arrest, Mr. Jaramillo kicked his legs and screamed but did not act violently towards the officers or behave in a manner to place them in any apprehension of being harmed.

4.8.    OFFICER SCHWERING noted that Mr. Jaramillo had unexpected strength during the encounter and was periodically vomiting bile.

4.9.    OFFICER SCHWERING and OFFICER HENRY used arrest tactics up to and including the use of a vascular neck restraint.

4.10.    While OFFICER SCHWERING and OFFICER HENRY were violently detaining Mr. Jaramillo, SPOKANE SCHOOL DISTRICT 81 OFFICER KOREY BJORNSTAD, a limited commission school resource officer, drove to the scene to assist the officers after hearing that the officers were "actively fighting" with Mr. Jaramillo.

4.11.    OFFICER BJORNSTAD arrived on scene when OFFICERS SCHWERING and HENRY had one handcuff in place. OFFICER BJORNSTAD closed the second handcuff.

4.12.    OFFICER SCHWERING told the other officers to roll Mr. Jaramillo to his side into the recovery position to remove Mr. Jaramillo's backpack. OFFICER BJORNSTAD crossed Mr. Jaramillo's legs and placed his body over them.

4.13.    OFFICER HENRY did not turn on his body camera until this point.

COMPLAINT - 6

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

4.14.    A witness observed OFFICERS SCHWERING, HENRY, AND BJORNSTAD administer a shot to Mr. Jaramillo after hearing the officers discuss using a sedative. Another witness was told by the Officers that they gave him a sedative.

4.15.    After Mr. Jaramillo was handcuffed, he vomited profusely and appeared to have a seizure. OFFICER SCHWERING was concerned that Mr. Jaramillo would injure himself. Mr. Jaramillo continued to vomit and began to slam his head into the pavement.

4.16.    OFFICER SCHWERING believed that there was a basis to take Mr. Jaramillo into custody via the Involuntary Treatment Act.

4.17.    OFFICER BJORNSTAD reported that Mr. Jaramillo was unconscious and his eyes were wide open before medical personnel arrived.

4.18.    OFFICER SCHWERING reported that Mr. Jaramillo was conscious and combative and vomiting bile from both his nose and mouth before medical personnell arrived. OFFICER SCHWERING reported that Mr. Jaramillo did not lose consciousness until after medical personnel requested that Mr. Jaramillo was moved to his back.

4.19.    Spokane Fire Department, the responding medical agency, arrived on scene around 3:42 p.m. and put defibrillation pads on Mr. Jaramillo's chest and commenced CPR.

4.20.    The Officers advised AMR that they did not give Mr. Jaramillo anything, not even NARCAN.

4.21.    Mr. Jaramillo was transported to Sacred Heart Medical Center in critical condition. He was unconscious, intubated, and ultimately treated for excited delirium.

COMPLAINT - 7

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

4.22.   Mr. Jaramillo passed away. The autopsy, conducted two weeks after hospital admission, attributed his cause of death to cardiopulmonary arrest due to excited-agitated delirium and that prone restraint during the legal intervention contributed to his death. The autopsy ultimately concluded that the manner of death was homicide.

4.23.   Mr. Jaramillo was killed as a result of the defendants' failure to call for medical assistance, in compliance with the Spokane Police Department's policies regarding excited delirium, and as a result of the Officers' administration of a sedative despite a lack of medical training.

4.24.   The defendants, including those individually named, acted with deliberate indifference to deprive Mr. Jaramillo of his constitutional rights by their actions, knowingly and willfully using excessive force to arrest Mr. Jaramillo and administering a sedative without training.

4.25.   The SPOKANE POLICE DEPARTMENT and CHIEF CRAIG MEIDL failed in their responsibilities to train and supervise officers in how to respond to individuals experiencing excited delirium according to standards set by the Spokane Police Department policies, applicable state and federal law and/or federal standards.

4.26.   DefendantsOFFICER   SCHWERING,   OFFICER   HENRY,   OFFICER BJORNSTAD, SPOKANE POLICE DEPARTMENT, and CHIEF MEIDL had a duty in any activity actually undertaken by them to exercise, for the safety of others including Mr. Clovy Jaramillo Jr., a level of care that would be ordinarily exercised by a reasonable, prudent and qualified police officer in light of the nature of the circumstances at the time.

COMPLAINT - 8

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

4.27.   Defendant CHIEF CRAIG MEIDL, as the police chief of the City of Spokane and the individual responsible for OFFICER SCHWERING and OFFICER HENRY, had a duty to properly screen, hire, train, monitor, supervise or discipline subordinate employees, agents and contractors as part of his duties.

4.28.   OFFICERS SCHWERING, HENRY, AND BJORNSTAD breached their duties by failing to follow appropriate procedures and by administering a sedative, unnecessarily creating a dangerous situation that would not otherwise have existed had he followed the standard of care exercised by reasonable police officers, thereby precipitating the unnecessary and unreasonably violent death of Mr. Clovy Jaramillo Jr.  By their acts and omissions as set forth above and herein, OFFICERS SCHWERING, BJORNSTAD, AND HENRY caused personal injury and bodily injury to Mr. Clovy Jaramilo resulting from negligence, excessive force, or deprivation of rights, privileges or immunities secured by the constitutions and laws of the United States and the State of Washington, as well as caused the wrongful death of Mr. Jaramillo.

4.29.   The defendants breached their duty to act carefully and reasonably by, among other things, immediately calling for emergency aid when confronted with a clear case of excited delirium, administering a sedative, and failing to inform AMR that they administered a sedative.

4.30.   The defendants' actions and/or omissions were the direct and proximate cause of the injuries and damages to the Estate of Clovy Jaramillo Jr. as set forth herein.

COMPLAINT - 9

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

4.31.   As a result of the defendants' actions and/or omissions, Mr. Clovy Jaramillo Jr. suffered pre-death injuries and damages including death, and the Estate of Clovy Jaramillo Jr. was injured and suffered damages, including but without limitation economic damages, loss of income, medical expense and noneconomic damage.

4.32.   The CITY OF SPOKANE was the governmental entity that had immediate supervisory responsibility over the actions of OFFICER SCHWERING and OFFICER HENRY.  Defendant CITY OF SPOKANE had a duty to supervise employees and agents of CHIEF CRAIG MEIDL to ensure they did not act negligently.

4.33.   SPOKANE PUBLIC SCHOOLS was the governmental entity that had immediate supervisory responsibility over the actions of OFFICER BJORNSTAD. Defendant SPOKANE PUBLIC SCHOOLS had a duty to supervise its employees and agents to ensure they did not act negligently.

4.34.   Defendant CITY OF SPOKANE is jointly and severally liable for all injuries or damages caused by the negligence of any of its employees and agents under the doctrine of *respondeat superior* and vicarious liability.

## V.     CAUSE OF ACTION FOR WRONGFUL DEATH

Plaintiff re-alleges and incorporates Paragraph 4.1 to 4.34 as Paragraphs 5.1 to 5.34.

5.35    The Administrator of the Estate of Clovy Jaramillo Jr., deceased, on behalf of the secondary beneficiaries of Mr. Clovy Jaramillo Jr., deceased, including his mother Christina Hernanzes and his sister, Jasmine Jaramillo, bring an action against the above-named Defendants CITY OF SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE

COMPLAINT - 10

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1    PUBLIC SCHOOLS, OFFICER TIMOTHY SCHWERING, OFFICER JACKSON HENRY,

2    and OFFICER KOREY BJORNSTAD, for the wrongful death of Clovy Jaramillo Jr.

3         5.36    The wrongful death of Clovy Jaramillo Jr. was proximately caused by the

4    negligent, grossly negligent and/or reckless actions or inactions of the named Defendants CITY

5    OF SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE PUBLIC SCHOOLS,

6    OFFICER TIMOTHY SCHWERING, OFFICER JACKSON HENRY, and OFFICER

7    KOREY BJORNSTAD.

8         5.37    The beneficiaries sustained damages including actual pecuniary loss, including

9    the conscious pain, suffering, anxiety and fear of impending death experienced by the

10    decedent, loss of decedent's support, services, love, affection, care, companionship, society

11    and consortium in such amounts as will be proven at the time of trial together with interest

12    thereon at the statutory rate from the date of death.

13    **VI.    CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS PURSUANT TO 42
U.S.C. 1983**

14         Plaintiff re-alleges and incorporates Paragraph 4.1 to 4.34 as Paragraphs 6.1 to 6.34.

15         6.35.    Mr. Clovy Jaramillo Jr. had a right to bodily integrity under the Fourteenth

16    Amendment to the United States Constitution.

17         6.36.    Defendants OFFICER SCHWERING, OFFICER HENRY, and OFFICER

18    BJORNSTAD deprived Mr. Clovy Jaramillo Jr. of his substantive due process right to bodily

19    integrity under the Fourteenth Amendment to the United States Constitution.

20         6.37.    Defendants OFFICER SHWERING, OFFICER HENRY, and OFFICER

21    BJORNSTAD acted with excessive force in apprehending Mr. Clovy Jaramillo Jr., acted

22

**COMPLAINT** - 11

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1    negligently in failing to follow the Spokane Police Department policies on excited delirium,

2    and acted beyond the scope of their authority in administering a sedative and failing to tell

3    AMR about the sedative.

4        6.38.   In doing so, Defendants OFFICER SCHWERING, OFFICER HENRY, and

5    OFFICER BJORNSTAD created a substantial risk that Mr. Clovy Jaramillo Jr. would die

6    because AMR was not informed of the use of the sedative. The Defendant OFFICERS created

7    a substantial risk of serious harm and death in the manner they apprehended Mr. Jaramillo and

8    the excessive force used.

9        6.39.   Defendants OFFICER SCHWERING, OFFICER HENRY, and OFFICER

10    BJORNSTAD deprived Mr. John Lew Brown of his Fourteenth Amendment right to

11    substantive due process by consciously disregarding the risk to Mr. Jaramillo.

12        6.40.   As state actors, Defendants OFFICER SCHWERING, OFFICER HENRY, and

13    OFFICER BJORNSTAD carried out, in an impermissible manner, the functions assigned to

14    them by the CITY OF SPOKANE.

15        6.41.   Defendants OFFICER SCHWERING, OFFICER HENRY, and OFFICER

16    BJORNSTAD engaged in actions and omissions which were egregious, outrageous, or fraught

17    with unreasonable risk.

18        6.42.   The conduct of Defendants OFFICER SCHWERING, OFFICER HENRY, and

19    OFFICER BJORNSTAD shock the conscience.

20

21

22

COMPLAINT - 12

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1       6.43.    The conduct of Defendants OFFICER SCHWERING, OFFICER HENRY, and

2   OFFICER BJORNSTAD was the direct and proximate cause of Mr. Jaramillo's injuries,

3   resulting death and damages.

4       6.44.    The conduct of Defendants OFFICER SCHWERING, OFFICER HENRY, and

5   OFFICER BJORNSTAD was intentional, reckless, willful, and done with callous disregard for

6   Mr. Jaramillo's constitutional rights.  As such, Plaintiff is entitled to recover awards of punitive

7   and exemplary damages against Defendants OFFICER SCHWERING, OFFICER HENRY,

8   and OFFICER BJORNSTAD in an amount to be determined at trial.

9       6.45.    The constitutional rights of Mr. Clovy Jaramillo Jr. violated by Defendants

10  OFFICER SCHWERING, OFFICER HENRY, and OFFICER BJORNSTAD were clearly

11  established on October 6, 2020, and any reasonable emergency police officer would have been

12  aware that the conduct described herein would violate Mr. Clovy Jaramillo Jr.'s constitutional

13  rights.

14      6.46.    Defendants CITY OF SPOKANE, SPOKANE POLICE DEPARTMENT and

15  CHIEF CRAIG MEIDL had a duty as the supervisors of Defendants OFFICER SCHWERING,

16  OFFICER HENRY, and OFFICER BJORNSTAD to exercise due care in the supervision of

17  subordinate employees working in the Spokane Police Department.  In addition, Defendant

18  CHIEF CRAIG MEIDL had a duty to properly screen, hire, train, monitor, supervise and/or

19  discipline subordinate employees employed by Defendant CITY OF SPOKANE.  Defendant

20  CHIEF CRAIG MEIDL had a further duty to ensure that subordinate employees of SPOKANE

21  POLICE DEPARTMENT were aware of and guided by appropriate policies and procedures

22

COMPLAINT - 13

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1   so as to respect the constitutional rights of citizens and avoid causing unnecessary harm to

2   citizens suffering from excited delirium, including Mr. Clovy Jaramillo.

3          6.47.   That prior to October 6, 2020, Defendant CHIEF CRAIG MEIDL knew or

4   reasonably should have known that subordinate dispatch officers employed by CITY OF

5   SPOKANE were acting improperly and violating citizens' constitutional rights, and that, due to a

6   lack of supervision, training, and proper hiring, citizens suffering from excited delirium, such as

7   Mr. Clovy Jaramillo Jr. would have their rights violated by police officers.  Defendant CHIEF

8   CRAIG MEIDL knew or reasonably should have known that certain police officers, including

9   Defendants OFFICER SCHWERING, OFFICER HENRY, and OFFICER BJORNSTAD,

10  should not have been hired, should not have been retained, lacked adequate training and

11  certification, were operating without knowledge of or in flagrant disregard for departmental

12  policies, procedures and protocols in connection with their duties as police officers. Defendant

13  CHIEF CRAIG MEIDL failed to conduct an appropriate internal affairs investigation into the

14  incident resulting in injury and death to Mr. John Lew Brown, and took no disciplinary action

15  against Defendants OFFICER SCHWERING, OFFICER HENRY, and OFFICER

16  BJORNSTAD related to this incident.  By doing so, Defendant CHIEF CRAIG MEIDL

17  encouraged, condoned, and ratified the wrongful acts of Defendants OFFICER SCHWERING,

18  OFFICER HENRY, and OFFICER BJORNSTAD.

19         6.48.   Defendant  CHIEF  CRAIG  MEIDL  and  the  SPOKANE  POLICE

20  DEPARTMENT breached the foregoing duties by failing to adopt proper policies, procedures and

21  protocols, by failing to implement appropriate training, by failing to adequately investigate and

22  discipline the subordinate dispatch officers involved in this incident, by failing to conduct

COMPLAINT - 14

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1 mandatory post-incident investigations, and by failing to take other appropriate supervisory actions

2 which would have prevented the deprivation of the clearly established constitutional rights of Mr.

3 Clovy Jaramillo Jr.

4   6.49. Defendant CRAIG MEIDL's actions, or failures to act, described above,

5 constituted personal involvement by him in violating Mr. Clovy Jaramillo Jr.'s constitutional rights

6 and causing the injuries and damages described herein. In so doing, Defendant CRAIG MEIDL

7 acted knowingly or with deliberate indifference to the possibility that a constitutional violation

8 would occur.

9   6.50. Defendant CHIEF CRAIG MEIDL'S acts and omissions, as described herein,

10 were the direct and proximate cause of Mr. Clovy Jaramillo's injuries and subsequent death and

11 related damages, as set forth herein.

12 **VII. CAUSE OF ACTION FOR NEGLIGENT TRAINING, RETENTION AND SUPERVISION**

13

14   Plaintiff re-alleges and incorporates Paragraph 4.1 to 4.34 as Paragraphs 7.1 to 7.34.

15   7.35. Defendants SPOKANE POLICE DEPARTMENT, CITY OF SPOKANE,

16 CHIEF CRAIG MEIDL, and SPOKANE PUBLIC SCHOOLS, are liable for the actions of

17 their employees for failing to train said employees in procedures involving dispatch

18 procedures.

19   7.36. SPOKANE POLICE DEPARTMENT, CITY OF SPOKANE, CHIEF CRAIG

20 MEIDLE, and SPOKANE PUBLIC SCHOOLS have failed to provide sufficient training to

21 their officers to ensure negligent actions such as the acts by OFFICER SCHWERING,

22

**COMPLAINT -** 15

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1    OFFICER HENRY, and OFFICER BJORNSTAD's do not cause death or serious injury to

2    individuals facing serious medical emergencies, like excited delirium.

3        7.37.    That as a result of the actions or inactions of the employees of CITY OF

4    SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE PUBLIC SCHOOLS, and

5    CHIEF CRAIG MEIDL, Clovy Jaramillo Jr. suffered and his Estate continues to suffer injury.

6        7.38.    That CITY OF SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE

7    PUBLIC SCHOOLS, and CHIEF CRAIG MEIDL failed to adequately and fully train their

8    police officers, resulting in the death of Clovy Jaramillo Jr. and continuing injury to his Estate.

9        7.39.    That as a result of the negligent training and policies, Clovy Jaramillo Jr. died

10   and his Estate continues to suffer injury.

11       7.40.    That Defendants CITY OF SPOKANE, SPOKANE POLICE DEPARTMENT,

12   SPOKANE PUBLIC SCHOOLS, and CHIEF CRAIG MEIDL, are liable for the actions of

13   their employees for failing to supervise said employees in procedures interactions with citizens

14   suffering from excited delirium, which resulted in the death of Clovy Jaramillo Jr.

15       7.41.    That as a result of the actions or inactions of the employees of CITY OF

16   SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE PUBLIC SCHOOLS, and

17   CHIEF CRAIG MEIDL, Clovy Jaramillo Jr. died and his Estate continues to suffer injury.

18       7.42.    The CITY OF SPOKANE, SPOKANE POLICE DEPARTMENT, SPOKANE

19   PUBLIC SCHOOLS, and CHIEF CRAIG MEIDL were negligent in their supervision and

20   training of OFFICER SCHWERING, OFFICER HENRY, and OFFICER BJORNSTAD.

21

22
     **COMPLAINT - 16**                              **PHELPS & ASSOCIATES, P.S.**
                                                     2903 N. Stout Road
                                                     Spokane, WA 99206
                                                     Tel: (509) 892-0467
                                                     Fax: (509) 921-0802
                                                     phelps@phelpslaw1.com

## VIII.    REQUEST FOR TRIAL BY JURY

Plaintiff re-alleges and incorporates Paragraph 4.1 to 4.34 as Paragraphs 8.1 to 8.34.

8.35.    The Plaintiff requests on all issues so triable a trial by jury constituting of twelve (12) persons.

## IX.    DAMAGES

Plaintiff re-alleges and incorporates Paragraph 4.1 to 4.34 as Paragraphs 9.1 to 9.34.

9.35.    The Defendants' actions and inactions were the sole and proximate cause of the injuries and eventual death of Mr. Jaramillo, and as a result of the negligence, violations of Mr. Jaramillo's civil rights, and wrongful death, Mr. Jaramillo and his Estate incurred damages as a result, to be proven at trial in this matter.

9.36.    The Defendants' actions were willful, wanton, knowing and voluntary, ignoring established law, training, standards, policies, procedures and precedents.

9.37.    The Defendants' actions and inactions shock the conscience.

9.38.    The value of The Estate's claim against these defendants exceeds $950,000.00, or an amount to be determined at the time of trial which includes amounts for general damages. In addition, the Plaintiff will seek against the named defendants punitive and exemplary damages as well as an award of attorney fees and costs.

9.39.    The Defendants have been served with a Claim for Damages as required by the RCW 4.96, *et seq.*, and have failed, refused and/or denied settling these claims with the Plaintiff.

COMPLAINT - 17

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

9.40.    The CITY OF SPOKANE, CHIEF MEIDL, OFFICERS SCHWERING and HENRY, and any other City defendants are liable under the doctrine of *respondeat superior* for the actions of their employees and/or supervisory or municipality liability under 42 U.S.C. § 1983.

9.41.    As a proximate result of defendants' negligence, the Estate of Clovy Jaramillo Jr. has suffered a loss of net accumulations due the Estate and incurred medical, funeral and burial expenses.

9.42.    Mr. Clovy Jaramillo endured intense physical pain and suffering, emotional distress, and psychological fear during the course of the incident described above, up and until the time of his death and the Estate of Clovy Jaramillo Jr. is therefore entitled to recover damages in an amount to be determined at the trial of this action.

9.43.    The Estate of Clovy Jaramillo Jr. has lost the present worth of the life of its decedent, including his enjoyment of life, especially given the aggravating circumstances and horrific injuries to his health attending the wrongful and unlawful acts that ultimately resulted in his death.  Such damages include the value of the loss of life itself, as well as economic damages, impairment to lifetime earning capacity and loss of household services and the Estate is entitled to recover damages against these Defendants in an amount to be determined at the trial of this action.

9.44.    Because the conduct of OFFICER SCHWERING, OFFICER HENRY, and OFFICER BJORNSTAD involved recklessness, intentional misconduct, gross negligence, willfulness and/or callous indifference to Mr. Clovy Jaramillo Jr.'s constitutional rights, and

COMPLAINT - 18

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1    because the conduct of these Defendants were motivated by malice, evil motive or intent, the

2    Estate of Clovy Jaramillo Jr. is entitled to recover awards of punitive and exemplary damages

3    against the Defendants under Plaintiff's § 1983 claims in an amount to be determined at the

4    trial of this action.

5        9.45.    The Estate of Clovy Jaramillo Jr. is entitled to damages for these losses under

6    RCW 4.20, *et seq.*, in such amounts as will be proven at the time of trial, together with interest

7    thereon at the statutory rate, from the date of death or the date that the expenses were incurred.

8        WHEREFORE, plaintiff prays for judgment against the defendants as follows:

9        A.    For all damages sustained by the plaintiff, including the Estate and all statutorily
              recognized beneficiaries, in amounts proven at trial, including without
10             limitation, all past and future economic and non-economic damages allowed by
              RCW 4.20 et seq. and the common law, including the loss of the accumulation
11             of income, incurred medical, funeral, and burial expenses, loss of consortium,
              and the conscious pain, suffering, anxiety and fear of impending death
12             experienced by the decedent;
        B.    An award of compensatory damages, jointly and severally, as set forth above
13             and any other consequential, incidental and special damages, under any or all
              of the causes of action, in an amount to be determined at trial against the named
14             Defendants;
        C.    An award of punitive damages against the Defendants.
15        D.    Interest calculated at the maximum amount allowable by law, including pre-
              and post-judgment interest;
16        E.    An award of Plaintiffs' costs and reasonable attorneys' fees under 42 U.S.C. § 1988
              and to the extent permitted by law;
17        F.    A reasonable attorney's fee as allowed by law;
        G.    Costs and disbursements pursuant to statute; and
18        H.    Other and further relief as this Court may deem just and equitable.

19

20

21

22
     **COMPLAINT** - 19                                    **PHELPS & ASSOCIATES, P.S.**
                                                            2903 N. Stout Road
                                                            Spokane, WA 99206
                                                            Tel: (509) 892-0467
                                                            Fax: (509) 921-0802
                                                            phelps@phelpslaw1.com

1    DATED this 6th day of October, 2023.

2                                   PHELPS AND ASSOCIATES, P.S.
                                    Attorneys for Plaintiff
3

4                                   _____
                                    DOUGLAS D. PHELPS, WSBA #22620
5                                   2903 N. Stout Road, Spokane, WA 99206

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**COMPLAINT** - 20

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1   STATE OF WASHINGTON )
                         )ss.
2   COUNTY OF SPOKANE    )

3       I, CHRISTINA HERNANDEZ, after being first duly sworn upon oath, depose and
    state as follows: that by nature of my appointment as the Administrator of the Estate of Clovy
4   Jaramillo Jr. by the Spokane County Superior Court, State of Washington, I am the Plaintiff
    herein, that I have read the foregoing Complaint for Wrongful Death, know the contents
5   thereof and believe them to be true and correct.

6

7                           CHRISTINA HERNANDEZ, Administrator
                            of the Estate of Clovy Jaramillo Jr.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
    **COMPLAINT** 21                          **PHELPS & ASSOCIATES, P.S.**
                                                     2903 N. Stout Road
                                                     Spokane, WA 99206
                                                     Tel: (509) 892-0467
                                                     Fax: (509) 921-0802
                                                     phelps@phelpslaw1.com